IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00390-PAB-MEH

CHRISTOPHER JOE CLARK,

    Plaintiff,

v.

JONATHAN COLE MURCH, Police Officer for the City of Durango,
JUSTIN MOORE, Police Officer for the City of Durango,
CONNER LOWANDE, Police Officer for the City of Durango,
WILLIAM VANCE DAVIS, Police Officer for the City of Durango,
SEAN MURRAY, Deputy District Attorney for the Sixth Judicial District,
ZACHERY ROGERS, Deputy District Attorney for the Sixth Judicial District, and
CHRISTIAN CHAMPAGNE, District Attorney for the Sixth Judicial District,

    Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 104]. The Recommendation addresses the Motion to Dismiss Third Amended Complaint [Docket No. 66] filed by defendants Sean Murray, Zachery Rogers, and Christian Champagne and the Motion to Dismiss Defendants Jonathan Cole Murch, Justin Moore, Conner Lowande, and William Vance Davis [Docket No. 71]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of plaintiff's arrest on March 4, 2019. *See generally* Docket

---

[1] The Court assumes that the allegations in plaintiff's third amended complaint, Docket No. 49, are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

No. 49.  The facts are set forth in the magistrate judge's recommendation, Docket No. 104 at 3-15, and the Court adopts them for the purposes of ruling on the objections.  To the extent plaintiff disputes any of these facts, the Court considers and resolves that issue below.

On February 8, 2021, plaintiff filed suit.  *See* Docket No. 1.  Plaintiff's third amended complaint brings claims for false arrest, false imprisonment, malicious prosecution, and violations of his due process rights and right to a fair trial.[2]  *See generally* Docket No. 49.  Defendants Champagne, Rogers, and Murray, respectively Colorado's 6th Judicial District Attorney and deputy district attorneys, filed a motion to dismiss based on absolute prosecutorial immunity, qualified immunity, and failure to state a claim.  *See* Docket No. 66 at 3-11.  Defendants Murch, Moore, Lowande, and Davis, law enforcement officers, filed a motion to dismiss based on failure to state a claim and qualified immunity.  *See* Docket No. 71 at 9-19.  Magistrate Judge Hegarty issued a recommendation to grant defendants' motions on May 24, 2022.  *See* Docket No. 104.  Plaintiff filed an objection, *see* Docket No. 106, and defendants responded to the objection.  *See* Docket Nos. 113, 114.

## II.  LEGAL STANDARD

### A.  Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121*

---

[2] The magistrate judge described the claims in this manner, *see* Docket No. 104 at 15, and plaintiff does not object to this description.

*E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.  Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

The magistrate judge recommends granting defendants' motions to dismiss because there was probable cause for plaintiff's arrest and each of plaintiff's claims fail if there was probable cause for the arrest. Docket No. 104 at 19-23. The magistrate judge additionally recommends dismissing the claims against the prosecutor defendants because of absolute immunity. *Id.* at 23.

#### A. Objections

Plaintiff objects to the magistrate judge's conclusion that there was probable cause for the arrest. Docket No. 106 at 3-6. Plaintiff makes the following objections: (1) there was no probable cause for an arrest for robbery because no robbery occurred;

(2) plaintiff did not fit the description for the suspect; and (3) the magistrate judge based his recommendation on false reports and statements. *Id.*

The Court will overrule each of plaintiff's objections. As to plaintiff's first objection, plaintiff argues that he was arrested for aggravated robbery only, no robbery occurred, and the prosecutors "added the charge of menacing" before the preliminary hearing. *Id.* at 3-5. However, even if there was no probable cause to arrest plaintiff for robbery,[3] if there was probable cause to arrest plaintiff for menacing his claim fails. "[T]he legality of an arrest may be established by proving that there was probable cause to believe that the plaintiff had committed a crime other than the one with which he was eventually charged, provided that the crime under which the arrest is made and the crime for which probable cause exists are in some fashion related." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008) (quoting *Gassner v. City of Garland, Tex.*, 864 F.2d 394, 398 (5th Cir.1989) (alterations omitted)); *see Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("[The] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."); *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006) ("An arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as 'the circumstances, viewed objectively, justify' the arrest." (quoting *Devenpeck*, 543 U.S. at 153); *id.* ("All that matters is whether [the officer] possessed knowledge of

---

[3] Plaintiff was arrested for *attempted* aggravated robbery, Docket No. 71-4 at 2, which negates plaintiff's argument that there could be no probable cause for a robbery arrest when no robbery took place. However, the issue is immaterial given that there was probable cause to arrest plaintiff for menacing.

5

evidence that would provide probable cause to arrest her on *some* ground.")*.* Accordingly, the Court overrules plaintiff's first objection.

Plaintiff's second objection relates to the description of the suspect. Docket No. 106 at 4-6. The magistrate judge considered and rejected plaintiff's arguments that he did not fit the description of the suspect. *See, e.g.*, Docket No. 104 at 20-22 (noting that plaintiff "places much emphasis on the fact that he was clean shaven at the time" and that "some factual discrepancies" favor plaintiff's position). The Court agrees with the magistrate judge's analysis of this issue and will overrule plaintiff's second objection.

Plaintiff's final objection is that the magistrate judge based his recommendation on false reports and statements. *See* Docket No. 106 at 5-6. Plaintiff objects that the contents of the materials outside the pleadings are false, but does not object to the magistrate judge's consideration of them.[4] *Id.* The magistrate judge accepted as true

---

[4] The magistrate judge considered documents the law enforcement defendants attached to their motion to dismiss without converting the motions into ones for summary judgment because the documents were discussed in the complaint, central to plaintiff's claims, and their authenticity was undisputed. *See* Docket No. 104 at 2 (citing *N.E.L. v. Gildner*, 780 F. App'x 567, 571 (10th Cir. 2019) (unpublished)). The magistrate judge additionally considered the materials outside the pleadings "to alleviate the concern Plaintiff raises in his Motion Requesting the Court to Take Judicial Notice (ECF 102) that the Law Enforcement Defendants misrepresent them in their Motion to Dismiss." *Id*. Plaintiff does not object to the magistrate judge's consideration of materials outside the pleadings and, in the absence of an objection, the Court has reviewed this portion of the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Based on this review, the Court has concluded that the consideration of materials outside the pleadings was a correct application of the facts and the law.

the well-pled facts in the complaint.  See Docket No. 104 at 12.  The Court agrees with the magistrate judge's consideration of the complaint and materials outside the pleadings and will overrule plaintiff's third objection.[5]

### B. Un-objected to Portions of Recommendation

The magistrate judge also recommends denying leave to amend and granting plaintiff's Motion Requesting the Court to Take Judicial Notice.  Docket No. 104 at 23-25.  No party has objected to these portions of the recommendation.  In the absence of an objection, the Court has reviewed the magistrate judge's recommendation to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes; see also Thomas, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Objection to United States Magistrate Judge's Recommendation [Docket No. 106] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

---

[5] To the extent plaintiff's objection can be construed to object to the magistrate judge's conclusion that the prosecutor defendants are entitled to absolute immunity, see Docket No. 106 at 4 (arguing that prosecutor defendants prepped witnesses to testify falsely), this is an alternative ground that the Court need not reach.  The finding of probable cause defeats each of plaintiff's claims and this portion of the objection is accordingly overruled as moot.

No. 104] is **ACCEPTED**. It is further

    **ORDERED** that the Motion to Dismiss Third Amended Complaint [Docket No. 66] filed by defendants Sean Murray, Zachery Rogers, and Christian Champagne is **GRANTED**. It is further

    **ORDERED** that the Motion to Dismiss Defendants Jonathan Cole Murch, Justin Moore, Conner Lowande, and William Vance Davis [Docket No. 71] is **GRANTED**. It is further

    **ORDERED** that the Motion Requesting the Court to Take Judicial Notice [Docket No. 102] is **GRANTED**. It is further

    **ORDERED** that this case is **DISMISSED with prejudice**.

    DATED September 22, 2022.

                              BY THE COURT:

                              PHILIP A. BRIMMER
                              Chief United States District Judge